JS 44 (Rev. 12/12)

PBT

# CIVIL COVER SHEET

14    2967

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES McCANTS, JR.

**DEFENDANTS** OFFICER JEFFREY WALKER, OFFICER BRIAN REYNOLDS, OFFICER CUJDIK, COMMISSIONER CHARLES H. RAMSEY, THE CITY OF PHILADELPHIA.

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen T. O'hanlon, Esquire, 2 Penn Center, Suite 1850, 1500 JFK Blvd., Philadelphia, PA 19102.  (267) 546-9066.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983.
Brief description of cause:
Malicious prosecution.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 500000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

MAY 27 2014

DATE
May 27, 2014

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

James Mc Cants, Jr.                                                 CIVIL ACTION

v.

Officer Jeffrey Walker, et al.                              NO. 14 2967

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

_5/27/2014_          _STEPHEN T. O'HANLON_          _James Mc Cants, Jr._
**Date**             **Attorney-at-law**           **Attorney for**

_267·546·9066_       _215·567·1998_                _steveCohanlonlawfirm.com_

**Telephone**        **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

MAY 27 2014

14.W. 2967

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1722 Lansing Street, Philadelphia, PA 19111_

Address of Defendant: _C/o Philadelphia Law Department, Civil Rights Unit._

Place of Accident, Incident or Transaction: _Philadelphia_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

MAY 27 2014

I, _STEPHEN T. O'HANLON_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _5/27/2014_    _____    _208428_
                     Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/27/2014_    _____    _208428_
                     Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

$400.00

PBT

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

JAMES McCANTS, JR.                          :          Civil No. _____

                                            :

                           Plaintiff,  :

    v.                                      :

                                            :                    14    2967

OFFICER JEFFREY WALKER                      :
(Badge # 3730)                              :

                                            :
-and-                                       :

                                            :
OFFICER BRIAN REYNOLDS                      :
(Badge # 4268)                              :

                                            :
-and-                                       :

                                            :
OFFICER CUJDIK                              :
(Badge # 1574)                              :

                                            :
-and-                                       :

                                            :
CHARLES H. RAMSEY, POLICE                   :
COMMISSIONER                                :

                                            :
-and-                                       :

                                            :
THE CITY OF PHILADELPHIA                    :

                                            :
                           Defendants. :

**COMPLAINT AND JURY DEMAND**

Plaintiff, James McCants, Jr., by and through his undersigned counsel, The O'Hanlon

Law Firm, P.C., hereby demands a trial by jury and complains against the above-captioned

Defendants as follows:

**Statement of Claim and Jurisdiction**

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988,

and the Fourth and Fourteenth Amendments to the United States Constitution against Defendant

1

Officers Jeffrey Walker, Brian Reynolds, and Cujdik, in their individual and official capacities, and against the City of Philadelphia and its executive and administrative police officer, Charles H. Ramsey.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.      It is alleged that the individual police officer Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to the United States Constitution by a initiating and perpetuating a malicious prosecution.

3.      It is further alleged that these Constitutional violations were committed as a result of policies, customs, omissions, and indifference of Defendant the City of Philadelphia and its Police Department with Defendant Charles H. Ramsey as Chief of Police.

### Parties

4.      James McCants, Jr. (hereinafter "Plaintiff") is a resident of Philadelphia County, Pennsylvania.

5.      Defendant Officers, Officer Jeffrey Walker, Officer Brian Reynolds, and Officer Cujdik (hereinafter "Defendant Officers"), were at all times relevant to this Complaint duly appointed and acting officers of the Police Department of the City of Philadelphia, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia.

6.      Defendant, the City of Philadelphia, Pennsylvania, is a municipal corporation and the public employer of Defendant Officers with Defendant Charles H. Ramsey as Chief of Police (hereinafter "Defendant Ramsey").

### Facts

7.      On or about June 2, 2004, Plaintiff was stopped, search, seized, and arrested by Defendant Officers for alleged narcotics trafficking and firearms violations.

2

8.      Plaintiff had no narcotics or firearms.

9.      On case MC-51-CR-0543151-2004, Plaintiff's bail was set at $4,500 on June 3, 2004, and Plaintiff posted bail on June 4, 2004.

10.     Plaintiff was, thus, detained for two days before making bail.

11.     Facing substantial jail time because of the false accusations leveled at him by Defendant Officers, Plaintiff bench warranted on September 12, 2005 on Common Pleas Court case, CP-51-CR-0404361-2005.

12.     Plaintiff was subsequently brought back into the prison system and Plaintiff's bench warrant was lifted on or about May 16, 2011.

13.     On January 12, 2012, faced with substantial guideline and/or mandatory sentencing time, Plaintiff entered into a guilty plea before the Honorable Ellen Ceisler.

14.     On February 14, 2014, Plaintiff filed a Motion to withdraw his guilty plea and counsel filed the same Motion on March 1, 2012.

15.     On March 27, 2012, facing a substantial prison sentence and a lengthy wait for a jury trial and with encouragement from the court, counsel, and Plaintiff's family, Plaintiff did not withdraw his guilty plea and was sentenced to time served to 23 months followed by 3 years of reporting probation. Plaintiff was held in pre-trial and post-plea confinement for approximately one year.

16.     On April 11, 2014, following revelations of corruption and criminality by Defendant Officers, counsel filed a Post-Conviction Relief Act Petition on behalf of Plaintiff seeking a new trial.

17.    On April 16, 2014, the Commonwealth of Pennsylvania did not oppose the granting of a new trial and immediately *nolle pross*ed the case against Plaintiff because of the involvement of Defendant Officers in Plaintiff's arrest.

18.    At all times during the events described above, Defendant Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their presence and support and the authority of their office to each other during the said events.

19.    As a direct and proximate result of the said acts of Defendant Officers, Plaintiff suffered the following injuries and damages:

   a.    Violation of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

   b.    Loss of physical liberty;

   c.    Emotional injury.

20.    The actions of Defendant Officers violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

   a.    Against malicious prosecution.

21.    As police chief and chief executive of the Philadelphia Police Department, Defendant Ramsey is ultimately responsible for supervision and policies so that his subordinate staff comply with the laws of the United States of America. Defendant Ramsey promulgates policies on behalf of the City of Philadelphia which have seen a Police Department plagued by allegations of corruption and criminality. This has been caused by, *inter alia*, inadequate supervision, inadequate investigation of police complaints, and contractual negotiations with a

4

police union that leads to inadequate censure of corrupt and criminal police officers and often leads to reinstatement following serious meritorious complaints.

## Causes of Action

### COUNT ONE: 42 U.S.C. § 1983 – FOURTH AMENDMENT, MALICIOUS PROSECUTION, AGAINST ALL DEFENDANTS

22.    Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23.    Defendant Officers initiated a meritless criminal proceeding against Plaintiff, the criminal proceeding ended in Plaintiff's favor when the District Attorney of Philadelphia ultimately *nolle prossed* Plaintiff's criminal case because Defendant Officers are corrupt and allegedly criminal, Defendant Officers initiated the criminal proceedings without probable cause, Defendant acted maliciously or for a purpose other than bringing Plaintiff to justice, and Plaintiff suffered deprivation of liberty and was arrested and incarcerated for in excess of one year.

24.    Defendant Ramsey and the City of Philadelphia are liable because they implemented policies and procedures that allowed corrupt officers to flourish in the Philadelphia Police Department.  The Federal Government knew that Defendant Officers were corrupt and non-credible and, therefore, could not be used in federal prosecutions.  Defendant Ramsey and the City of Philadelphia knew or should have known of the reality of Defendant Officers but nothing was done, resulting in continued prosecutions of innocent individuals like Plaintiff.

25.    Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights not to suffer malicious prosecution.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.    Award compensatory damages to Plaintiff against Defendants;

b.    Award costs of this action to Plaintiff;

5

c.      Award reasonable attorney's fees and costs to Plaintiff;

d.      Award punitive damages to Plaintiff;

e.      Award such other and further relief as this Court may deem appropriate.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial.

The O'Hanlon Law Firm, P.C.

STEPHEN T. O'HANLON, ESQUIRE

DATE:  May 27, 2014

The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
Attorney for Plaintiff
2 Penn Center, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com